MORSS v. KNAPP et al.

(Circuit Court, D. Connecticut. March 23, 1893.)

No. 639.

PATENTS FOR INVENTIONS—VALIDITY—INFRINGEMENT—DRESS FORMS.

Letters patent No. 233,440, issued to John Hall, October 12, 1880, for an adjustable dress form, are valid, and are not infringed by the dress form made under letters patent No. 373,988, to W. H. Knapp, dated November 29, 1887. Morss v. Ufford, 34 Fed. Rep. 37, and Morss v. Knapp, 37 Fed. Rep. 352, followed.

In Equity. Suit by Charles A. Morss against William H. Knapp and others for infringement of a patent. Bill dismissed.

Charles F. Perkins and Payson E. Tucker, for complainant.
John Dane, Jr., for defendants.

TOWNSEND, District Judge. This is a bill in equity praying for an injunction and accounting by reason of an alleged infringement by the defendant of the second claim of letters patent No. 233,440, issued to John Hall October 12, 1880, for an adjustable dress form. The principal defense is noninfringement. Defendant also claims that the patent is invalid by reason of anticipation, want of patentable novelty, and lack of invention. The claim in controversy is as follows:

"In combination with the standard, a, and ribs, c, the double braces, e², sliding blocks, f¹, f², and rests, h¹ and h², substantially as and for the purpose set forth."

Judge Shipman gives a description of the invention and of the defendants' device in his opinions in Morss v. Knapp, 37 Fed. Rep. 351, and 39 Fed. Rep. 608. Defendants' form is made under, and

is also fully described in, United States letters patent No. 373,988, to W. H. Knapp, dated November 29, 1887. As to the validity of complainant's patent and of the claim in question I shall hold, in conformity with the opinion of Judge Shipman in another case between the same parties, that the question was settled by the decision of the court in Morss v. Ufford, 34 Fed. Rep. 37. See Morss v. Knapp, 37 Fed. Rep. 352.

Counsel on both sides have given much attention to the question whether the links in defendants' device serve the purpose of the double braces in the Hall patent in resisting pressure applied from without in the direction of the standard. Whether this be so or not, I am not clear that the use of converging braces for resisting lateral pressure after the expansion has been accomplished would be an appropriation of the invention of the patent. The essence of complainant's invention has been repeatedly stated by Judge Shipman in his opinions. He says: "The principle of the invention is the expansion or adjustment of a skeleton frame radially in all directions from a common center." The question to be decided in the present case, then, is this: Is the defendants' form expanded and adjusted by the use of the same elements, or their mechanical equivalents, as are enumerated in the second claim of complainant's patent? The complainant insists that the defendants' device is substantially the same as that of the Hall patent; that the defendants have taken the invention of the Hall patent, and merely arranged the apparatus so as to operate horizontally instead of vertically. The complainant says that the standard of defendants' device is the same as that of the Hall patent; that the quarter sections of defendants' rigid band are the equivalents of the ribs of the patent; that the links connecting the sections of defendants' band to the disk are the equivalents of the double braces of the patent; that defendants' disks are equivalents to the sliding blocks of the patent; that the clamping screw which holds the disks, and thereby the links and band, in place, is the equivalent of the rests and set screws of the patent. I am unable to agree with all these claims. It seems to me that the means of expanding the form in defendants' apparatus differ substantially from those of the Hall patent. Complainant seems to me to claim substantially that any use of the converging braces in the dress form would be an infringement, and that the second claim of the Hall patent should be construed as if it were broadly for the use of converging braces in an adjustable dress form. Even if the inventor were entitled to make this claim, and to have it allowed by the patent office, I do not think that he has made it in the patent, and I do not think that complainant is entitled to have the patent so construed. In all of the cases in which this patent has been held to be infringed, the infringing device contains the double braces, with their inner ends against the standard and their outer ends fixed to a rib at or near the same point, so that by moving the inner ends of the double braces upon the standard the rib will be moved nearer to or further from the standard. In Morss v. Ufford the inner ends of the braces in the infringing form were caused to

approach each other to expand the frame.   In Morss v. Knapp they were pulled further apart.

Complainant's counsel says that "this arrangement of a wheel and rod to convert rotary into rectilinear motion is present in a great variety of machines, and is a matter of common knowledge." This is true, but the Hall patent does not convert rotary into rectilinear motion; it converts rectilinear motion in one direction into rectilinear motion in another.   No example has been shown of the use of two wheels with rods, turning in different directions, in order to produce rectilinear motion or expansion prior to the defendants' device.   The standard in the Hall patent is the base upon which the inner ends of the double braces are brought closer to each other.   It furnishes the third side of the triangle necessary for the operation of the device.   It does not perform this function in the defendants' device unless the holding of the disks in place be construed as an equivalent function.   The disks do not seem to me to be mechanical equivalents of the sliding blocks, $f^1$ and $f^2$. The inner end of the link in defendants' device is taken by the disk or wheel and carried by a circular path to another position.   The outer end is moved further outward, partly by the lateral movement involved in the circular movement of the inner end, but to a greater degree by the carrying of the inner end further outward. The practical method of expanding the form is to take hold of two opposite segments of the band and pull them outward.   This causes the disks to rotate, and the other segments are moved outward correspondingly.   The mode of expanding the device of defendants' form, as a whole, does not seem to me to be an equivalent of or analogous to that of the Hall patent.   So far as expanding the form is concerned, defendants' counsel appear to me to be substantially correct in claiming that, if defendants' device does contain the double braces, such braces consist of the radii or spokes of the wheel or disk and the links taken together, so that each brace is really a jointed brace.   Let a decree be entered dismissing the bill.